UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Moutazbillah Abdul Sattar,                                     Civ. No. 25-798 (PAM/DLM)

               Plaintiff,

v.                                                         **MEMORANDUM AND ORDER**

Hennepin Health Care System,

               Defendant.

---

This matter is before the Court on Plaintiff Moutazbillah Abdul Sattar's Complaint and Application to Proceed in Forma Pauperis. (Docket Nos. 1, 2.) Sattar alleges that nearly four years ago, his former employer, Defendant Hennepin Health Care System discriminated against him based on his race and disability and retaliated against him for requesting accommodations and opposing discrimination.

Rather than pay this action's filing fee, Sattar submitted the IFP Application, which suggests he may qualify for in forma pauperis ("IFP") status. However, under the federal statute governing IFP proceedings, a court may dismiss an IFP action at any time if it fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons below, this action is dismissed because the Complaint is untimely and fails to state a claim upon which relief may be granted, and Sattar's IFP application is denied as moot. See 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Sattar asserts that he began working for Hennepin Health Care System in 2009 as a lab assistant. He claims that management seemed frustrated with his repeated requests to

accommodate his disability, but that the requests were granted. Sattar further claims that in June 2021, he took a leave of absence to address a family emergency overseas, and that although his supervisor initially told him his leave was approved, his leave request was later denied, and he was directed to immediately return to work while he was out of the country caring for his mother. Thus, Sattar asserts that he has been retaliated against for requesting reasonable accommodations and a leave of absence and that he was discriminated against based on his race and disability. Sattar brings claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADA").

**DISCUSSION**

There are two fundamental problems with Sattar's Complaint: it fails to state a claim upon which relief can be granted and his claims are untimely.

**A.     Failure to State a Claim**

Sattar has failed to assert a plausible claim for relief under either the ADA or Title VII. In reviewing whether a complaint states a claim on which relief may be granted, a court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in the complaint need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. A court may disregard legal conclusions that are couched as factual

allegations. Iqbal, 556 U.S. at 678. Although a court construes pro se complaints liberally, the complaint must contain factually allegations sufficient to support the claims. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Sattar claims that he was discriminated against in violation of the ADA. To establish a discrimination claim under the ADA, "an employee must show that (1) the employee is disabled within the meaning of the ADA; (2) the employee is qualified (with or without reasonable accommodation) to perform the essential functions of a job; and (3) the employee suffered an adverse employment action because of the disability." Henderson v. Ford Motor Co., 403 F.3d 1026, 1034 (8th Cir. 2005) (citation omitted). Sattar asserts that he was retaliated against and discriminated against based on his disability; however, the Complaint lacks any facts describing his disability, how Hennepin Health Care System accommodated or failed to accommodate him, or how it discriminated against him. Thus, Sattar fails to assert a plausible claim for relief for discrimination under the ADA. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to establish a plausible cause of action.).

Similarly, Sattar claims he was retaliated against because he requested accommodations and a leave of absence. "To state a retaliation claim, a plaintiff must show that [he] (1) engaged in a protected activity, (2) that [he] suffered an adverse employment action, and (3) that the two events are causally connected." Henderson, 403 F.3d at 1036 (citing Stevens v. St. Louis Univ. Med. Ctr., 97 F.3d 268, 270 (8th Cir. 1996)). Even if Sattar had sufficiently pled the first two elements of a retaliation claim, which he

3

has not done, he fails to include any facts raising an inference that his alleged engagement in a protected activity and termination from employment are causally related. Sattar, therefore, fails to assert a plausible retaliation claim.

Sattar's racial-discrimination claim contains similar deficiencies. Title VII of the Civil Rights Act prohibits discrimination in employment based on race. 42 U.S.C. § 2000e–2(a)(1). Although Sattar checked the box on the complaint form indicating that he was discriminated against based on his race, he includes no facts regarding his race or any racial discrimination that he allegedly suffered.

To establish a Title VII retaliation claim, the plaintiff must prove that "(1) he engaged in statutorily protected activity, (2) suffered an adverse employment action, and (3) that the engagement in a protected activity is the but-for cause of the adverse employment action." Warren v. Kemp, 79 F.4th 967, 973 (8th Cir. 2023) (explaining that under Title VII, "protected activity" includes opposition to discriminatory employment practices) (quoting 42 U.S.C. § 2000e–2(a)(1)). Here, Sattar asserts that he opposed discrimination, but he fails to describe how he did so or what purportedly constituted discrimination. Thus, Sattar has failed to establish the first element of engaging in a protected activity, let alone that doing so was the but-for cause of his termination. See id. To the extent that Sattar claims that he was retaliated against based on his race in violation of Title VII, Sattar again fails to establish a plausible claim for relief and the claim fails as a matter of law.

**B.  Sattar's Claims are Untimely**

Even if Sattar asserted a sufficient factual basis giving rise to a plausible claim for

relief under the ADA or Title VII, his claims are untimely. Before filing an ADA or Title VII lawsuit, a plaintiff must first exhaust administrative remedies. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974)). To do so, a plaintiff must: "(1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." Id. (citing 42 U.S.C. § 2000e–5(b), (c), (e)). To be timely, a discrimination charge must be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the "alleged unlawful employment practice occurred" or within 300 days after the alleged unlawful employment practice occurred if the person initially instituted state or local proceedings. 42 U.S.C. § 2000e–5(e)(1); see also Henderson, 403 F.3d at 1033 (applying 42 U.S.C. 2000e–5(e) of Title VII to ADA claims).

Here, in its "right to sue" letter, the EEOC explained that it dismissed Sattar's charge "because [it] was not filed within the time limits under the law." (Docket No. 1-1 at 1.[1]) Moreover, Sattar asserts no basis for the Court to toll the limitations period, providing no facts suggesting that his former employer took affirmative actions to induce him not to submit a timely EEOC claim, nor does he reasonably assert that he was unaware of the basis of his claim until the filing period had expired. See Henderson, 403 F.3d at 1033 (describing the doctrines of equitable estoppel and equitable tolling). Sattar's claims are

---

[1] Sattar asserts that the alleged retaliatory and discriminatory conduct occurred in June 2021, and he filed his claim with the EEOC in December 2024, well outside the 180- or 300-day timeframe allowed. (See Docket No. 1 at 3.)

5

therefore untimely.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff Mountazbillah Abdul Sattar's Complaint (Docket No. 1) is **DISMISSED with prejudice** because is it untimely and fails to state a claim upon which relief may be granted; and

2. Plaintiff's IFP application (Docket No. 2) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 11, 2025                         *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge